UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HEIDI L.,<br><br>                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. 23-10366<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 17); ADOPTING IN PART REPORT AND RECOMMENDATION (ECF NO. 16); DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12); GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14); AND AFFIRMING THE COMMISSIONER'S DECISION**

**I.     Introduction**

Plaintiff Heidi L. appeals the final decision of defendant Commissioner of Social Security (the "Commissioner"), who denied her application for disability insurance benefits ("DIB") under the Social Security Act. ECF No. 1. Under 28 U.S.C. § 636(b), the Court referred all pretrial matters in the case to the magistrate judge. ECF No. 11. Both parties filed motions for summary judgment. ECF Nos. 12, 14.

On February 21, 2024, the magistrate judge issued a Report and Recommendation ("R&R"). ECF No. 16. The R&R recommends that

plaintiff's motion be denied; the Commissioner's motion be granted; and the Commissioner's decision be affirmed under sentence four of 42 U.S.C. § 405(g). *Id.* Plaintiff timely filed objections to the R&R, and the Commissioner filed a response. ECF Nos. 17, 18.

## II.     Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.    Analysis

Plaintiff raises three objections to the R&R: 1) the magistrate judge impermissibly offered a post hoc rationale for the ALJ's finding that plaintiff's fibromyalgia is not severe; 2) the magistrate judge erred in finding that plaintiff failed to identify specific evidence to support the severity of her fibromyalgia; and 3) any error in failing to find plaintiff's fibromyalgia a

severe impairment is not harmless because the ALJ did not consider the fibromyalgia in crafting plaintiff's residual functional capacity (RFC). ECF No. 17. The Court proceeds to the third objection because it is determinative.

Plaintiff's sole challenge to the Commissioner's non-disability determination is that the ALJ erred in finding plaintiff's fibromyalgia to be a non-severe impairment. *See* ECF No. 12. "But the fact that some of a claimant's impairments were not deemed to be severe at step two is legally irrelevant" where, as here, "other impairments are found to be severe." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 852 (6th Cir. 2020) (cleaned up). "An erroneous finding of nonseverity at step two is therefore harmless where the ALJ properly considers nonsevere impairments at later steps," such as during the ALJ's discussion of functional limitations. *Id.*

Accordingly, an ALJ's discussion of the functional limitations imposed by a plaintiff's non-severe impairments, if any, satisfies the ALJ's obligation to consider non-severe impairments. *See id*. However, an ALJ is not required to specifically discuss each non-severe impairment in the RFC assessment to demonstrate that the impairments were considered. *Smith v. Comm'r of Soc. Sec.*, No. 2:22-CV-11964, 2024 WL 416374, at *3, ___ F. Supp. 3d ___ (E.D. Mich. Feb. 5, 2024). Indeed, "an ALJ need not

specifically discuss all nonsevere impairments in the residual-functional-capacity assessment (the "RFC") when the ALJ makes clear that [his] decision is controlled by SSR 96-8p," the Social Security Administration (SSA) rule for assessing a claimant's RFC. *Emard,* at 851-52.

Plaintiff argues that the ALJ did not properly consider her fibromyalgia in the RFC assessment because he failed to discuss SSR 12-2, the SSA's policy for evaluating fibromyalgia in disability claims. ECF No. 17. Plaintiff cites no authority requiring an ALJ to discuss SSR 12-2 when considering fibromyalgia as a non-severe impairment. To the contrary, courts do not even require ALJ's to explicitly cite SSR 12-2 when fibromyalgia has been found to be a severe impairment. *See Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 399 (6th Cir. 2016). SSR 12-2 "states that fibromyalgia should be analyzed under the traditional five-step evaluation process used for analyzing other [disability] claims." *Id*.

Here, the ALJ did just that. The decision complied with SSR 96-8p's mandate to "consider all of the claimant's impairments, including impairments that are not severe." In the sentence immediately following the ALJ's determination that plaintiff's fibromyalgia was a non-severe impairment, he explicitly states that "any limitations caused by the non-severe impairments are incorporated into claimant's residual functional

capacity adopted in this decision." ECF No. 6-1, PageID.102; *see also Emard*, 953 F.3d at 851 (finding that the ALJ's specific notation that she was required to "consider all the claimant's impairments, including impairments that are not severe" satisfied the ALJ's obligation to consider non-severe impairments). Because the ALJ explicitly articulated that plaintiff's fibromyalgia, and any limitations so caused, were incorporated into plaintiff's RFC, any error in finding the fibromyalgia non-severe is harmless. *See Emard*, 953 F.3d at 852

Accordingly, plaintiff's objection is overruled. Because any error in finding plaintiff's fibromyalgia non-severe was harmless, the Court need not address the objections arguing that the finding was error.

## IV.  Conclusion

For the reasons above, plaintiff's objections to the R&R (ECF No. 17) are **OVERRULED**. The Court **ADOPTS** in part the R&R (ECF No. 16), **DENIES** plaintiff's motion for summary judgment (ECF No. 12), and **GRANTS** the Commissioner's motion for summary judgment (ECF No. 14).[1] Judgment shall issue in favor of the Commissioner, **AFFIRMING** the

---

[1] The Court adopts the R&R *in part* because it only reviewed the portion addressing harmless error. The Court determined that issue to be dispositive, so it did not review the magistrate judge's other analyses.

Commissioner's decision that plaintiff is not disabled under sentence four of 42 U.S.C. § 405(g).

Dated: March 25, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge